UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                              File No. 2:02-CR-51

                              HON. ROBERT HOLMES BELL

JEROME LUENEBURG,

        Defendant.
                              /

## **MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Defendant Jerome Lueneburg's petition for modification of fine imposed.

      On July 16, 2003, Defendant pleaded guilty to conspiring to manufacture and distribute 100 or more marijuana plants in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). In a judgment dated January 28, 2004, Defendant was sentenced to 48 months in custody and a fine of $25,000 to be paid in full within 90 days from the date of sentencing. The Court determined that the defendant did not have the ability to pay interest and accordingly waived the interest requirement for the fine.

      Defendant contends that he recently attempted to pay off the $25,000 fine but was advised that he owed interest in excess of $7,000. Defendant requests an order directing the United States Attorneys Office to accept the sum of $25,000 in full settlement of the criminal

fine imposed on January 28, 2004, to waive any and all interest accrued, and to comply with the provisions of the Federal Collection Law.

The government denies Defendant's assertion that it is charging interest on the fine balance. The government explains that the amount owed by Defendant has increased due to the imposition of mandatory penalties rather than interest.

The United States Attorney's Office is responsible for collecting unpaid fines. 18 U.S.C. § 3612(c). Although a defendant is generally required to pay interest on a fine, the court may waive the interest requirement. 18 U.S.C. § 3162(f). Waiver of interest, however, does not affect the imposition of penalties for payments that are delinquent or in default. A fine is delinquent if it is more than 30 days late. 18 U.S.C. § 3572(h). If a fine becomes delinquent, "the defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent." 18 U.S.C. § 3612(g). A fine is in default if a payment is delinquent for more than 90 days. 18 U.S.C. § 3572(i). If a fine becomes in default, "the defendant shall pay, as a penalty, an additional amount equal to 15 percent of the principal amount that is in default." *Id.* The imposition of penalties is mandatory. *Id.* Any waiver of penalties is left to the discretion of the Attorney General. 18 U.S.C. § 3612(h).

Defendant does not deny that he failed to pay the fine within 90 days from the date of sentencing as ordered by the Court. Neither does he deny that thereafter the fine became delinquent and then in default. The government's assertion that Defendant owes $6,242.50

in penalties is consistent with the addition of a 10% and a 15% penalty on a fine of $25,000 that is delinquent and in default.

Defendant asserts for the first time in his reply brief that he did not receive notice of delinquency as required by 18 U.S.C. § 3612(d) because the government's notice was addressed to Defendant's attorney at Defendant's home address. In response the government has supplemented its response with a copy of a June 24, 2004, notice of delinquency sent to Defendant at his prison address.

Defendant has failed to show that he is entitled to the relief requested. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jerome Lueneburg's petition for modification of fine imposed (Docket # 164) is **DENIED**.

Date:     June 7, 2005             /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE